UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE H. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:10CV02397JCH |
| ) | |
| TARGET STORES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss Under Rule 12(b)(6) filed by Defendant Target Corporation ("Defendant")[1] on February 28, 2011 (Doc. No. 14). The matter is fully briefed and ready for disposition.

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to the nonmoving party. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

---
[1] Defendant is listed as "Target Stores" in the caption of the Complaint. (See Defendant's Motion to Dismiss, p. 1). The Court refers to Defendant as it refers to itself.

need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

**BACKGROUND**

Plaintiff George H. Williams ("Plaintiff") has been employed by Defendant for over two years. (Complaint ("Compl."), p. 6). After his first year of employment with Defendant, Plaintiff applied to be a Team Leader, a position with more responsibilities and a higher rate of pay. Plaintiff was denied that position, but was offered a position working the day shift. Plaintiff apparently did not accept the day shift position because he "was not [as] familiar with the day time duties as [he] was the over night [sic] duties." (See id.) The position that Plaintiff originally applied for was later filled by a white man. (Id.) Plaintiff is African-American. (Id. at Ex. 1 "charge of discrimination", p. 3).

Plaintiff also requested a transfer from one Target store to another. This request was denied. (Id.; see also Memorandum for Clerk (Doc. No. 18) ("Response"), p. 5). "Shortly thereafter, [Plaintiff's] hours were reduced from about 32–40 to 15–24 hours." (charge of discrimination). Plaintiff alleges that white co-workers continued to be scheduled between 32–40 hours. (Id.; see also Compl. ¶ 10 (alleging that "terms and condition of my employment differ from those of similar employees")).

In May of 2010, Plaintiff took a leave of absence from his employment with Defendant. (Compl., p. 7). That same month, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and the U.S. Equal Employment Opportunity Commission ("EEOC") alleging that the actions described above constituted discrimination based on race. (charge

of discrimination). After receiving a right-to-sue letter from the EEOC (Compl., Ex. 1, p. 1), Plaintiff filed this action under Title VII alleging that Defendant discriminated against him based upon his race by failing to promote him and by changing the terms and conditions of his employment. (Compl., ¶¶ 8, 10, 11). Plaintiff alleges that these discriminatory actions took place in June of 2009. (Compl, ¶ 5).

## DISCUSSION

Defendant argues that the Complaint should be dismissed for two reasons: because Plaintiff did not timely file a charge of discrimination with the EEOC, and because "Plaintiff has not pleaded facts plausibly suggesting his entitled to relief under Title VII . . . ." (Defendant's Motion to Dismiss, ¶¶ 1–2). Because this action is time barred, as explained below, the Court does not address the second argument.

Plaintiff was required to file his charge of discrimination with the MCHR within 300 days of the allegedly discriminatory occurrence. See 42 U.S.C. § 2000e-5(e)(1) (providing for such a period where claims are filed with "a State or local agency with authority grant or seek relief from such practice or to institute criminal proceedings with respect thereto . . ."); see also Holland v. Sam's Club, 487 F.3d 641, 643 & n.3 (8th Cir. 2007) (holding that the MCHR is such an agency per Mo. Rev. Stat. § 213.030).

The Complaint alleges that the discrimination occurred in June 2009. (Compl., ¶ 5). The charge of discrimination was filed May 27, 2010. (Id. at ¶ 7; charge of discrimination). Assuming the discriminatory acts occurred on June 30, 2009, the date most favorable to Plaintiff, it is clear that the charge of discrimination was filed outside the permissible 300-day period as there were 331 days between June 30, 2009, and May 27, 2010. Therefore, this action presumptively is time barred by 42 U.S.C. § 2000e-5(e)(1).

Plaintiff raises two arguments to overcome this limitations period. First, Plaintiff argues that he was authorized by the EEOC to bring this action. (Response, p. 2). However, the right-to-sue letter states that "the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (Compl., Ex. 1, p. 1). Moreover, the issuance of a right-to-sue letter does not establish that the charge of discrimination upon which it was based was timely. See Holland, 487 F.3d at 643-44 (holding that Title VII claim brought after right-to-sue letter was issued was untimely after rejecting a continuing violation argument).

Second, Plaintiff argues that the discrimination of which he complains was a "continuo[u]s issue with [T]arget." (Response, p. 2). Liberally construed, Plaintiff appears to be arguing that the alleged discrimination was a continuing violation in that "[i]t does not start or stop with just one situation . . . ." (See id.) But the "continuing violation doctrine does not encompass discrete discriminatory acts, such as termination, failure to promote, denial of transfer, or refusal to hire, which are individually actionable." Taxi Connection v. Dakota, Minn., & E. R.R., 513 F.3d 823, 825 (8th Cir. 2008) (citing AMTRAK v. Morgan, 536 U.S. 101, 113–14 (2002)). Determining if an act of alleged discrimination is individually actionable requires the Court to distinguish between discriminatory acts and discriminatory effects. See Cooper v. St. Cloud State Univ., 226 F.3d 964, 966–67 (8th Cir. 2000) (discussing Bazemore v. Friday, 478 U.S. 385 (1986); Del. State Coll. v. Ricks, 449 U.S. 250 (1980)). The discriminatory acts are what must occur within the 300-day window in order for an action not to be time barred.

The instant case does not implicate the continuing violation doctrine because the instances of discrimination alleged in the Complaint were individually actionable. Failures to promote and denials of transfer are common examples of the types of discriminatory acts that must fall within the 300-day window to be timely. See, e.g., Taxi Connection, 513 F.3d at 825. Moreover, the decision to

decrease Plaintiff's hours is the allegedly discriminatory act that resulted in Plaintiff working fewer hours; the fact that he works fewer hours than similarly situated coworkers is merely an "automatic effect[]" of that action. See Cooper, 226 F.3d at 967; see also Tryals v. AltairStrickland, LLP, No. H-08-3653, 2009 U.S. Dist. LEXIS 125335, at *17–21 (S.D. Tex. Feb. 26, 2010) (holding that the Lilly Ledbetter Fair Pay Act of 2009 § 3, 42 U.S.C. § 2000e-5(e)(3), modified the act/effect framework from Bazemore and Ricks only in cases of compensation discrimination and that a demotion is not the compensation discrimination contemplated by the Fair Pay Act where the employee knows of the demotion and its effects when the demotion is made).

The Court finds that Plaintiff untimely filed his charge of discrimination and his claims are dismissed.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Under Rule 12(b)(6) (Doc. 14) is **GRANTED**, in accordance with the foregoing. An appropriate Order of Dismissal will accompany this Order and Memorandum.

Dated this 23rd day of March, 2011.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE